UNITED STATES DISTRICT COURT  **CLOSED**
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 18-694-MWF(Ex)                    Date:  February 9, 2018
Title:   Deutsche Bank National Trust Company v. Radka Kroul et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Relief Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: EX PARTE APPLICATION FOR PRE-FILING ORDER [7]

Before the Court is Plaintiff Deutsche Bank National Trust Company as Trustee for Wamu 2005-AR11's ("Deutsche Bank") Ex Parte Application for a Pre-Filing Order (the "Application"), filed on February 1, 2018. (Docket No. 7). Defendants have not opposed the Application.

Through its Application, Deutsche Bank seeks an order directing the Clerk of the Court to refrain from docketing any documents filed by Defendants pertaining to the removal of Deutsche Bank's unlawful detainer action against Defendants in Los Angeles County Superior Court bearing the case number 16U08532 (the "Unlawful Detainer Action") absent approval of the Court. For the reasons discussed below, the Application is **GRANTED**.

This is the *fifth* time one of the Defendants has removed the Unlawful Detainer Action. *See Deutsche Bank Nat'l Trust Co. v. Kroul*, Case. No. 2:17-cv-07065-MWF-E; *Deutsche Bank Nat'l Trust Co. v. Kroul*, Case No. 2:17-cv-07432-ODW-SK; *Deutsche Bank Nat'l Trust Co. v. Kroul*, Case No. 2:17-cv-08094-MFW-E; and *Deutsche Bank Nat'l Trust Co. v. Kroul*, Case No. 2:17cv-09172-JAK-KS. All four previous attempts resulted in remand for lack of subject matter jurisdiction.

This fifth attempt is no different. Defendants are undoubtedly aware that there is no viable basis to remove the Unlawful Detainer Action, yet persist in their removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 18-694-MWF(Ex)          **Date:**  February 9, 2018
**Title:**     Deutsche Bank National Trust Company v. Radka Kroul et al.

efforts to delay trial in Superior Court.  Defendants are abusing both the trial and removal processes.

     Indeed, Defendants are certainly aware that their removal efforts are an abuse of the trial and removal processes because this Court has previously told them so.  In connection with Defendants' third removal attempt, Deutsche Bank sought relief similar to that sought in this Application.  Although the Court declined at the time to impose the pre-filing screening process Deutsche Bank requested, "in light of Defendants' abuse of the removal process," the Court awarded Deutsche Bank attorneys' fees in the amount of $500 pursuant to 28 U.S.C. § 1447(c) in connection with its Order Remanding Case to State Court.  The Court further warned Defendants that "if they make any further attempts to remove the Unlawful Detainer Action, the Court will entertain more severe monetary penalties and the imposition of a pre-filing screening process."  (Order re: Ex Parte Application for Pre-Filing Order, Docket No. 9, *Deutsche Bank Nat'l Trust Co. v. Radka Kroul, et al.*, Case No. 2:17-cv-08094-MWF-E).

     Defendants chose to ignore this warning by attempting two more removals of the Unlawful Detainer Action.  Accordingly, consistent with its prior warning, the Court finds it appropriate to grant Deutsche Bank's requested relief.

     Imposition of a pre-filing screening order is warranted.  To issue a pre-filing screening order, the Ninth Circuit requires four conditions be met:   (1) the party must have adequate notice to oppose the order; (2) an adequate record listing the pleadings that led the court to impose such an order must be provided; (3) the court must make substantive findings that the filings were frivolous or harassing; and (4) the order must be narrowly tailored.  *DeLong v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990); *Molksi v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057-58 (9th Cir. 2007).

     Here, Deutsche Bank gave Defendants notice via telephone of the Application, and also served a copy of the Application via facsimile.  (Declaration of Rita Rodriguez ¶¶ 2-5 (Docket No. 7)).  In the several days since the Application was filed, Defendants have filed no Opposition.  As described above, Defendants have attempted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 18-694-MWF(Ex)          Date: February 9, 2018
Title:   Deutsche Bank National Trust Company v. Radka Kroul et al.

to remove the Unlawful Detainer Action five times, despite prior remands for lack of subject matter jurisdiction, and despite this Court's prior warning that further frivolous removals would result in monetary penalties and pre-filing screen process.  Defendants have filed each of these five removal attempts within the five days immediately preceding the trial date in the Unlawful Retainer Action, resulting in a continuance of the trial each time.  It is clear that these removal attempts are duplicative, frivolous, and intended only to delay. Moreover, the Court can narrowly tailor the pre-filing process, as demonstrated by the narrowly tailored process described below.

       Defendants Radka Kroul, Josef Kroul, Petr Medacek, and Helena Vesela are hereby precluded from filing, without advance approval of a judge of this District Court, a notice of removal in the matter entitled *Deutsche Bank National Trust Company as Trustee for WaMU 2005-AR11 v. Radka Kroul, et al*, filed in the Superior Court of California, County of Los Angeles, Case No. 16U08532.  If Defendants submit any further removal petitions or notices of removal in this Court, the Clerk of the Court shall lodge the petition or notice and the accompanying documents, and those petitions or notices and accompanying documents shall not be filed until they are reviewed by a judge of this District Court.  This screening requirement shall remain in effect until the Unlawful Detainer Action is finally resolved, and Deutsche Bank files a notice under this case caption informing the Court that the Unlawful Detainer Action has been finally resolved.

       IT IS SO ORDERED.


Cc: Civil Intake Supervisor